UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: THE MATTER OF LA CARRIERS, LLC, AS OWNER AND OPERATOR OF THE M/V SIDNEY BLAIR, PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO.:<br><br>SECTION:<br><br>JUDGE:<br><br>MAGISTRATE JUDGE:<br><br>ADMIRALTY - Rule 9(h) |

**COMPLAINT FOR EXONERATION FROM
OR LIMITATION OF LIABILITY**

**NOW INTO COURT**, through undersigned counsel, comes LA Carrier, LLC (hereinafter "LA Carriers" or "Limitation Petitioner"), as owner and operator of the M/V SIDNEY BLAIR, her engines, tackle, gear, furniture, appurtenances, etc. (hereinafter "the Vessel"), who files this Complaint for Exoneration From or Limitation of Liability pursuant to 46 U.S.C. § 30511, and respectfully avers upon information and belief as follows:

**JURISDICTION AND VENUE**

1.

This is an action for exoneration from or limitation of liability, civil and maritime, under the purview of 46 U.S.C. §§ 30501, *et seq.* (the "Limitation Act"), and an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This action is governed by Rule F of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure. This Honorable Court has jurisdiction over this action by virtue of the Limitation Act and by virtue of 28 U.S.C. § 1333.

2.

The Vessel has not been attached or arrested to answer for any claim with respect to which Limitation Petitioner seeks exoneration from or limitation of liability through these proceedings. As of the date of this filing, Limitation Petitioner has been put on notice for property damages arising out of an incident that occurred on May 1, 2023 in Larose, Louisiana. Accordingly, Venue is therefore proper in the United States District Court for the Eastern District of Louisiana, pursuant to Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

**LIMITATION PETITIONER**

3.

At all times pertinent hereto, Limitation Petitioner, LA Carriers, LLC, (hereinafter "LA Carriers" or "Limitation Petitioner") was and is a limited liability company organized and existing pursuant to the laws of the State of Louisiana. Limitation Petitioner is authorized to do and doing business within the jurisdiction of this Honorable Court and the state of Louisiana.

4.

At all material times, LA Carriers was the operator of the Vessel.

**THE VESSEL**

5.

The M/V SIDNEY BLAIR (hereinafter sometimes "SIDNEY BLAIR" or "the Vessel"), Official No. 644920, is a U.S.-flagged towing vessel measuring seventy-five (75) total feet in length, twenty-seven (27) feet in width, and ten (10) feet in depth. The Vessel was built in 1981 and recently rebuilt in 2019. The Vessel primarily operates as a hawser tug.

6.

At all times during and prior to the voyage hereinafter described, LA Carriers exercised due diligence to make the Vessel seaworthy in all respects. At all times hereinafter described, the

Vessel was, in fact, tight, staunch, strong, fully and properly equipped and manned, well and sufficiently fitted with suitable machinery, gear, tackle, apparel, and appliances, and in all respects seaworthy and fit and proper for the service in which the Vessel was engaged.

## **FACTUAL BACKGROUND**

7.

At all material times, LA Carriers was and is a towing company offering services for ship docking, and inland and offshore towing.

8.

On or around May 1, 2023, the SIDNEY BLAIR, along with the tug M/V ANGELIQUE, owned and operated by Louisiana Delta Marine, LLC, were jointly shifting the M/V ODYSSEA KNIGHT off of a dry dock in the Allied Shipyard in Larose, Louisiana. The M/V ODYSSEA KNIGHT is an offshore supply vessel. The SIDNEY BLAIR and the M/V ANGELIQUE were shifting the M/V ODYSSEA KNIGHT off of the dry dock. LA Carrier has since been put on notice that the M/V ODYSSEA KNIGHT was allegedly damaged when the SIDNEY BLAIR and the M/V ANGELIQUE were in the process of shifting the ODYSSEA KNIGHT.

9.

Upon information and belief, no other suits or Limitation proceedings related to this alleged May 1, 2023 incident have been filed.

10.

LA Carriers hereby seeks exoneration from and/or limitation of liability for the May 1, 2023 incident in Larose, Louisiana described herein (hereinafter "the Incident").

**EXONERATION AND/OR LIMITATION OF LIABILITY**

11.

This Complaint is filed timely under Admiralty Rule F(1), because it was filed within six months from the date LA Carriers received written notice of a claim on May 9, 2023, namely when Patriot Marine Services, Inc. sent LA Carriers a letter informing it of damages sustained by the M/V ODYSSEA KNIGHT and allegedly caused by the SIDNEY BLAIR and the M/V ANGELIQUE, owned and operated by Louisiana Delta Marine, LLC. (*See* Letter from Patriot Marine attached hereto as **Exhibit 1**).

12.

The aforementioned Incident, and any losses, and/or damages allegedly resulting therefrom, were not caused or contributed to by any fault, neglect, negligence, or lack of due care on the part of LA Carriers, its agents, servants, employees, or any other persons for whom LA Carriers might be responsible, or by any unseaworthiness of the Vessel.

13.

LA Carriers is, as of this date, unaware of any other demands, suits, petitions, unsatisfied claims of liens, or liens filed against LA Carriers or the Vessel in connection with the Incident made the subject of this Complaint.

14.

LA Carriers is entitled to exoneration and/or limitation under the circumstances.

15.

The Incident, any physical damage, injuries, contingent losses as well as all other losses, damages, expenses, and costs resulting therefrom were caused and occurred without the privity or knowledge of LA Carriers.

16.

LA Carriers has a reasonable basis upon which to believe it is possible that claims will be asserted and prosecuted against it in amounts exceeding the value of the Vessel and their pending freight.

17.

The fair market value of the Limitation Petitioner's interest in the SIDNEY BLAIR at the time of the incident was ONE MILLION FIVE HUNDRED AND FIFTY THOUSAND DOLLARS AND NO/100 ($1,550,000.00) US DOLLARS total, and she had no pending freight. Accordingly, the total value of Limitation Petitioner's interest in the SIDNEY BLAIR, and her pending freight is $1,550,000.00.  (*See* Declaration of Value attached hereto as **Exhibit 2**).

18.

LA Carriers avers that because the aforementioned Incident and the alleged losses, damages and/or injuries allegedly related thereto were not caused or contributed to by any fault, neglect, negligence or lack of due care on the part of LA Carriers or its agents, servants, employees, or any other persons for whom LA Carriers might be responsible, or by any unseaworthiness of the Vessel, LA Carriers is entitled to and hereby claims exoneration from liability for any and all alleged injuries, losses or damages allegedly occurring as a result of the aforesaid Incident, as well as any and all claims related to the Incident that have yet to be asserted.  LA Carriers avers that it has valid and complete defenses on the facts and on the law.

19.

Although LA Carriers denies any liability to any party, and although LA Carriers does not know the extent, nature or total amount of all claims which may be made for loss or damage arising out of the Incident described above. LA Carriers anticipates and believes that suits and claims will

be asserted and prosecuted against LA Carriers in amounts exceeding the value of the Vessel at the conclusion of the voyage during which the aforementioned Incident took place.

20.

As such, without admitting but affirmatively denying all liability, and strictly in the alternative to its claim for exoneration from all liability, losses, damages and/or injuries allegedly occasioned by or resulting from the aforesaid Incident, or allegedly done, occasioned, or incurred on the subject voyage, LA Carriers alleges and avers that if LA Carriers should be held responsible to any person, entity or other party by reason of any fault attributed to LA Carriers, its agents, servants, employees, or others for whom LA Carriers could be held responsible, or to the Vessel, in connection with the above-described Incident, then LA Carriers is entitled to and claims the benefit of limitation of liability as provided in the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, and all laws supplementary thereto and amendatory thereof, and all other applicable law and jurisprudence, to limit its liability to ONE MILLION FIVE HUNDRED AND FIFTY THOUSAND DOLLARS AND NO/100 ($1,550,000.00) US DOLLARS, the value of LA Carriers' interest in the Vessel immediately before and after the Incident.

21.

Should it later appear that Limitation Petitioner is or may be liable and that the amount or value of its interest in the Vessel and her pending freight, as aforesaid, is not sufficient to pay all losses in full, then all claimants shall be made to share *pro rata* in the aforesaid sum, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, the General Maritime Law, and by the rules and practices of this Honorable Court.

22.

LA Carriers reserves the right to plead all applicable affirmative defenses, claims, cross-claims and counterclaims against any claimant, including but not limited to the right to plead set off, the right to plead comparative fault, the right to plead compromise and settlement, the right to plead that the incident was unavoidable by LA Carriers, the right to plead the Act of God defense, the right to plead that the Incident resulted from violations of law or permits by other parties or particular claimants, the right to plead that the particular claimants have no right to pursue claims for the alleged unseaworthiness of the Vessel, and the right to file cross-claims and/or third-party actions for damages or for indemnity or contribution against all persons and entities that may be legally responsible for the Incident described herein.

23.

With this Complaint, Limitation Petitioner seeks to preserve its right to limit its liability within the six month deadline from written notice as required by Supplemental Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims. Limitation Petitioner is currently in the process of obtaining security and/or a bond and will deposit the proper security with the Court within thirty (30) days of the filing of this Complaint. It is not a jurisdictional prerequisite to claim the benefits of the Limitation Act that security be posted simultaneously with the complaint or within six months of notice of a claim. *Guey v. Gulf Insurance Co.*, 46 F.3d 478, 481 (5th Cir. 1995). Pursuant to Supplemental Rule F(1), it is within the full discretion of the district court to direct Limitation Petitioner when to post security and the amount required. *Id*. This Complaint is being filed due to the requirement that such actions be filed within six months of notice of a claim subject to limitation. Once the security is posted, the limitation action may move

forward in typical fashion with the issuance of an injunction and concursus of claims and notice to claimants with the deadline in which claimants may file against Limitation Petitioner.

24.

All and singular, the premises are true and correct and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED**, Limitation Petitioner, LA Carriers, LLC respectfully requests and prays:

1. That this Honorable Court enter an order approving a temporary dispensation from security. That Limitation Petitioner shall post the security required by 46 U.S.C. § 30511(b) and Supplemental Admiralty Rule F(1) within thirty (30) days from filing this action;

2. That once the Limitation Petitioner posts security, this Honorable Court issue a monition and notice to all persons, firms, corporations or other entities asserting any claims for any and all alleged losses, damages or injuries with respect to which LA Carriers, LLC seeks exoneration from or limitation of liability, admonishing them to file their respective claims with the Clerk of Court and to serve on the attorneys for LA Carriers, LLC a copy thereof on or before the date specified in the notice, or be forever barred and permanently enjoined from making and filing any claims with respect to the Incidents described more fully herein;

3. That once the Limitation Petitioner posts security, this Honorable Court issue an injunction restraining the commencement or prosecution of any action or proceeding of any kind against LA Carriers, LLC its affiliates, their employees, its or their insurers, sureties, or underwriters, or any of its property, including but not limited to the M/V SIDNEY BLAIR, whether *in personam*, by attachment, or *in rem*, for any losses, damages, and/or injuries allegedly

arising out of the Incident described in this Complaint, or allegedly occurring during the subject Incident described in this Complaint;

4. That if any claimant who shall have filed a claim shall also file an exception bringing forward evidence to controvert the value of the Vessel, as alleged herein, this Court shall cause due appraisement to be had of the value of the Vessel following the Incident and of the value of LA Carriers, LLC's interest therein, following which event this Court shall, if necessary, enter an Order for filing of an amended Letter of Undertaking or other appropriate security for the aggregate value, as so determined, of LA Carriers, LLC's interest in said Vessel;

5. That this Honorable Court adjudge that LA Carriers, LLC, its affiliated companies, employees, its or their insurers, sureties, and underwriters, the M/V SIDNEY BLAIR, are not liable to any extent whatsoever for any losses, damages and/or injuries or for any claims therefor, in any way arising from or in consequence of the subject voyage, or in consequence of otherwise connected with the matters and happenings referred to in this Complaint;

6. Or, strictly in the alternative, if this Court should adjudge that LA Carriers, LLC, its affiliates, employees, or its or their insures or underwriters, and/or the M/V SIDNEY BLAIR are liable in any amounts whatsoever, that the Court should then adjudge that said liability shall be limited to ONE MILLION FIVE HUNDRED AND FIFTY THOUSAND DOLLARS AND NO/100 ($1,550,000.00) US DOLLARS, the value of LA Carriers, LLC's interest in the Vessel immediately after the Incident, said amount to be divided *pro rata* among all claimants; and that a judgment be entered discharging LA Carriers, LLC, its affiliates, employees and its and their insurers and underwriters, and the M/V SIDNEY BLAIR of and from any and all further liability and forever enjoining and prohibiting the filing and prosecution of any claims against LA Carriers, LLC, its affiliates, employees, its or their insurers, sureties, or underwriters, or any of their

property, in any way arising from or in consequence of the subject Incident or Voyage, or in consequence of or in connection with the matters and happenings referred to in this Complaint; and

7. That LA Carriers, LLC have such other and further relief as in law and justice it may be entitled to receive.

Respectfully submitted,

*/s/ Jefferson R. Tillery*
JEFFERSON R. TILLERY (La. Bar No. 17831)
AUSTIN S. GLASCOE (La. Bar No. 38236)
JONES WALKER, LLP
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:     (504) 582-8238
Facsimile:     (504) 589-8238
E-Mail:          jtillery@joneswalker.com
                    aglascoe@joneswalker.com

-And-

LEXI T. HOLINGA (La. Bar No. 30096)
Hinshaw & Culbertson, LLP
400 Convention Street, Suite 1001
Baton Rouge, Louisiana 70802
Telephone: (225) 333-3244
E-Mail: lholinga@hinshawlaw.com

***Attorneys for Limitation Petitioner, LA Carriers, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November, 2023, a copy of the foregoing has this date been served on all counsel of record in this proceeding via the CM/ECF system, which will send a notice of electronic filing to all counsel record.

*/s/ Jefferson R. Tillery*
JEFFERSON R. TILLERY