UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: THE MATTER OF LA CARRIERS, LLC, AS OWNER AND OPERATOR OF THE M/V SIDNEY BLAIR, PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO.  2:23-cv-6737, c/w 2:23-cv-7039<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT |

**ANSWER AND CLAIM OF ALLIED SHIPYARD, INC. AND ITS UNDERWRITERS TO THE COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY OF LA CARRIERS, LLC**

**NOW INTO COURT**, through undersigned counsel, come Claimants, Allied Shipyard, Inc. ("Allied Shipyard") and its insurer, Samsung Fire & Marine Insurance Co., Ltd., for policy No. SMCZ 16377AAX issued to Allied Shipyard by Canopius Syndicate and Certain Underwriters at Lloyd's London, including those of Syndicate 4444 (collectively, "Claimants"), and for their Answer to the Complaint for Exoneration from or Limitation of Liability (the "Complaint") of LA Carriers, LLC ("LA Carriers"), as owner and operator of the M/V SIDNEY BLAIR, respectfully aver as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim, cause, and/or right of action for which relief can be granted.

**SECOND DEFENSE**

The Limitation of Liability Act is not applicable in these proceedings because the unseaworthiness of the vessel M/V SIDNEY BLAIR and the negligent conduct of its owners

1

and/or operators by and through her master, crew and/or shoreside personnel all occurred within the privity and knowledge of LA Carriers.

### THIRD DEFENSE

To the extent the facts demonstrate, the security posted by LA Carriers is legally insufficient due to its failure to properly compute the fair market value of the vessel M/V SIDNEY BLAIR and her pending freight as of May 1, 2023. In that event, the limitation fund is invalid or inadequate.

### FOURTH DEFENSE

To the extent the insurers or employees of LA Carriers attempt to avail themselves of the limitation and/or exoneration defense, the protections of the Limitation of Liability Act are unavailable to them under the circumstances.

### FIFTH DEFENSE

**AND NOW,** answering separately the allegations of LA Carriers' Complaint, Claimants aver as follows:

### JURISDICTION AND VENUE

1.

The allegations of Paragraph 1 of the Complaint contain conclusions of law and require no response on the part of Claimants. To the extent the Court requires an Answer, the allegations contained in Paragraph 1 of the Complaint are admitted insofar as Claimants do not contest that jurisdiction is proper in this Court.

2.

The allegations of Paragraph 2 of the Complaint contain conclusions of law and require no response on the part of Claimants. To the extent the Court requires an Answer, the allegations

contained in Paragraph 2 of the Complaint with regard to vessel attachment or arrest are denied for lack of information or knowledge sufficient to justify a belief therein. The remaining allegations are admitted insofar as Claimants do not contest that jurisdiction is proper in this Court.

## **LIMITATION PETITIONER**

3.

The allegations contained in Paragraph 3 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

4.

The allegations contained in Paragraph 4 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

## **THE VESSEL**

5.

The allegations contained in Paragraph 5 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

6.

The allegations contained in Paragraph 6 of the Complaint are denied.

## **FACTUAL BACKGROUND**

7.

The allegations contained in Paragraph 7 of the Complaint are admitted.

8.

The allegations contained in Paragraph 8 of the Complaint are admitted.

9.

The allegations contained in Paragraph 9 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

10.

The allegations contained in Paragraph 10 of the Complaint require no response. To the extent a response is required, Claimants deny that LA Carriers is entitled to the relief requested or identified.

**EXONERATION AND/OR LIMITATION OF LIABILITY**

11.

The allegations contained in Paragraph 11 of the Complaint require no response. To the extent a response is required, Claimants deny that LA Carriers is entitled to the relief requested or identified.

12.

The allegations contained in Paragraph 12 of the Complaint are denied.

13.

The allegations contained in Paragraph 13 of the Complaint are denied for lack of information or knowledge sufficient to justify a belief therein.

14.

The allegations contained in Paragraph 14 of the Complaint are denied.

15.

The allegations contained in Paragraph 15 of the Complaint are denied.

16.

The allegations contained in Paragraph 16 of the Complaint require no response. To the extent a response is required, Claimants deny that LA Carriers is entitled to the relief requested or identified.

17.

The allegations contained in Paragraph 17 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief thereon.

18.

The allegations contained in Paragraph 18 of the Complaint are denied.

19.

The allegations contained in Paragraph 19 of the Complaint require no response. To the extent a response is required, Claimants deny the allegations in Paragraph 19 of the Complaint.

20.

The allegations contained in Paragraph 20 of the Complaint are denied.

21.

The allegations of Paragraph 21 of the Complaint contain conclusions of law and require no response on the part of Claimants. To the extent the Court requires an Answer, the allegations contained in Paragraph 21 of the Complaint are denied as written.

22.

The allegations contained in Paragraph 22 of the Complaint contain conclusions of law and require no response on the part of Claimants. To the extent the Court requires an Answer, Claimants deny that LA Carriers is entitled to the relief requested or identified.

23.

The allegations contained in Paragraph 23 of the Complaint require no response. To the extent a response is required, Claimants deny that LA Carriers is entitled to the relief requested or identified.

24.

The allegations of Paragraph 24 of the Complaint contain conclusions of law and require no response on the part of Claimants. To the extent the Court requires an Answer, the allegations contained in Paragraph 24 of the Complaint are admitted insofar as Claimants do not contest the Court's admiralty jurisdiction over this matter.

## PRAYER

The remaining Paragraphs 1 through 7 in the Prayer for Relief in LA Carriers' Complaint require no response. To the extent the Court requires a response, Claimants deny that LA Carriers is entitled to the relief requested or identified.

## SIXTH DEFENSE

AND NOW FURTHER answering, Claimants reserve the right to contest the appraised value of the SIDNEY BLAIR, her engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security posted.

## SEVENTH DEFENSE

AND NOW FURTHER answering, Claimants reserve the right to supplement this answer with additional affirmative defenses and other defenses as they are revealed through discovery.

## EIGHTH DEFENSE

Claimants aver application of the *Pennsylvania* Rule, the *Louisiana* Rule and any other statutory rule or law applicable to the operation in question.

## CLAIM OF ALLIED SHIPYARD, INC. AND ITS UNDERWRITERS

**AND NOW**, as Claimants, Allied Shipyard, Inc. ("Allied Shipyard") its insurer, Samsung Fire & Marine Insurance Co., Ltd., for policy No. SMCZ 16377AAX issued to Allied Shipyard by Canopius Syndicate and Certain Underwriters at Lloyd's London, including those of Syndicate 4444 (collectively, "Claimants"), assert and aver the following Claim against LA Carriers, LLC ("LA Carriers") and aver, upon information and belief, as follows:

1.

This is a cause of admiralty and maritime jurisdiction, as hereinafter more fully appears, brought under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty & Maritime Claims.

2.

At all relevant times Samsung Fire & Marine Insurance Co., Ltd. was the insurer of policy No. SMCZ 16377AAX issued to Allied Shipyard, Inc. and provided coverage for Allied Shipyard's Marine general liabilities.

3.

At all material times, Allied Shipyard, Inc. was a corporation organized and existing under and by virtue of the laws of the State of Louisiana, and was at all times hereinafter mentioned, the owner of a shipyard in Larose, Louisiana (the "shipyard").

4.

Upon information and belief, at all material times, LA Carriers, LLC ("LA Carriers"), was a Louisiana limited liability company providing towing services in Louisiana and the owner and/or operator of the SIDNEY BLAIR.

5.

Upon information and belief, at all material times, LA Delta Marine, LLC, ("Delta Marine") was a Louisiana limited liability company providing towing services in Louisiana and the owner and/or operator of the ANGELIQUE.

6.

Upon information and belief, at all material times, Odyssea Marine, LLC, ("Odyssea Marine") was a Delaware limited liability company and the owner and/or operator of the ODYSSEA KNIGHT offshore supply vessel.

7.

Upon information and belief, on May 1, 2023, LA Carriers and Delta Marine were retained to shift the ODYSSEA KNIGHT at the shipyard.

8.

The ODYSSEA KNIGHT was at Allied Shipyard's facility to undergo maintenance, service, repairs, renovations, and similar work being performed by Allied Shipyard.

9.

To shift the ODYSSEA KNIGHT, LA Carriers provided the SIDNEY BLAIR, while Delta Marine provided the ANGELIQUE.

10.

While shifting the ODYSSEA KNIGHT, LA Carriers' and Delta Marine's vessels lost control of the ODYSSEA KNIGHT, causing the ODYSSEA KNIGHT to break loose and allide with various objects including piling clusters (the "Incident").

11.

The Incident occurred solely as a consequence of the fault, neglect, and/or responsibility of LA Carriers and/or Delta Marine.

12.

The Incident did not occur as a consequence of any fault, neglect, and/or responsibility of Claimants.

13.

Following the Incident, it was discovered that the ODYSSEA KNIGHT sustained severe damage to various parts of the vessel, including its hull, equipment, and thrusters.

14.

As a result of the foregoing Incident, Allied Shipyard and its insurer, Samsung Fire & Marine Insurance Co., Ltd., for policy No. SMCZ 16377AAX issued to Allied Shipyard by Canopius Syndicate and Certain Underwriters at Lloyd's London, including those of Syndicate 4444, are required to repair and/or fund the repair for the physical damage to the ODYSSEA KNIGHT in an amount in excess of $1.2 million.

15.

The aforesaid Incident and damages were not caused and/or contributed to by any fault or neglect on the part of Allied Shipyard and its insurer or Odyssea Marine or the ODYSSEA KNIGHT. Rather, the aforesaid incident and damages were caused solely by the fault, neglect, unseaworthiness, and/or statutory or regulatory violations of LA Carriers and its vessel the SIDNEY BLAIR and Delta Marine and its vessel the ANGELIQUE, the particulars of which will be more fully shown at the trial of this matter.

16.

As a consequence of the Incident and the fault, neglect, unseaworthiness, and/or statutory or regulatory violations of LA Carriers and its vessel the SIDNEY BLAIR and Delta Marine and its vessel ANGELIQUE, Claimants are entitled to recover from LA Carriers and Delta Marine a sum in excess of $1.2 million, as will be more fully shown at the trial of this matter.

17.

Claimants expressly aver and allege that LA Carriers is not entitled to Limitation of Liability in relation to the Incident.

**PRAYER**

**WHEREFORE**, Claimants, Allied Shipyard, Inc. and its insurer, Samsung Fire & Marine Insurance Co., Ltd., for policy No. SMCZ 16377AAX issued to Allied Shipyard by Canopius Syndicate and Certain Underwriters at Lloyd's London, including those of Syndicate 4444 (collectively, "Claimants"), pray that their Answer be deemed good and sufficient, and after due proceedings are had, that the Complaint for Exoneration from or Limitation of Liability of LA Carriers, LLC be denied; that Claimants' claims against LA Carriers and LA Delta Marine, LLC be sustained; and that Claimants recover damages from LA Carriers and LA Delta Marine, along with any additional relief to which Claimants may be entitled, including attorneys' fees and costs.

[SIGNATURES ON FOLLOWING PAGE]

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   */s/ Carlos J. Saravia*
      Thomas Kent Morrison (Bar #25802)
      Colin B. Cambre (Bar #31083)
      Carlos J. Saravia (Bar #37530)
      365 Canal Street, Suite 2000
      New Orleans, Louisiana 70130-6534
      Telephone: 504-566-1311
      Telecopier: 504-568-9130
      E-mail:  morrisok@phelps.com
               cambrec@phelps.com
               carlos.saravia@phelps.com

**ATTORNEYS FOR ALLIED SHIPYARD, INC. AND ITS INSURER, SAMSUNG FIRE & MARINE INSURANCE CO., LTD., FOR POLICY NO. SMCZ 16377AAX ISSUED BY CANOPIUS SYNDICATE AND CERTAIN UNDERWRITERS AT LLOYD'S LONDON, INCLUDING THOSE OF SYNDICATE 4444**